OWEN M. PANNER, District Judge,
concurring in part and concurring in the judgment.
Everett Hall’s conviction for possession of an unregistered silencer can be sustained under the Commerce Clause. It is difficult to conceive of any legitimate purpose for which a private citizen needs a silencer. Congress could reasonably conclude that silencers should be strictly regulated or prohibited outright.
Although there was no proof that the silencer possessed by Hall traveled in interstate commerce, the power to outlaw the manufacture or possession of silencers is ancillary to the power to prohibit trafficking in silencers. Generally speaking, the Constitution delegates to the federal government those tasks that individual states could not accomplish acting alone, or where uniformity or interstate cooperation is required. Congress could properly conclude that a uniform standard and regulatory scheme are needed to manage firearms, silencers, and similar dangerous devices, which are readily transportable.
The instant case is distinguishable from United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), because the federal government has prohibited the manufacture, distribution, or possession of silencers by private citizens unless permission has first been obtained from the Department of Alcohol, Tobacco, and Firearms, and the device has been registered to that person. 26 U.S.C. §§ 5812, 5822, 5841, 5861, 5871. By contrast, in Lopez it was not unlawful for the defendant to possess the gun, but only to do so near a school.
Because Hall’s conviction can be sustained under the Commerce Clause, I do not reach the question of whether that conviction might also be sustained under the Taxation Clause.
With that single exception, I concur in Judge Arnold’s well-reasoned opinion. I also concur in the judgment.